BRIDGET WILLIAMS *v.* TIMOTHY DALEY.

**Landlord and Tenant—Change of Relation of Tenant to Purchaser—Burden of Proof.**

Appellant entered upon the possession of the premises as tenant of appellee, and for some time paid him rent for the same at an agreed rate per month. The burden of proof is on her to establish that she had changed her relation as tenant to that of purchaser.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 6, 1872.

OPINION BY JUDGE LINDSAY:

It is conceded that appellant entered upon the possession of the premises in controversy as the tenant of appellee, that she agreed to and for some time did pay him rent for the same at an agreed rate per month.

There is some evidence of statements and admissions upon th part of appellee conducing to establish a subsequent sale of the property to Mrs. Williams, and also the payment by her to him of considerable amounts of money. This testimony is, however, vague and unsatisfactory, and the witnesses by whom the greater portion of it is detailed manifest a very decided interest in the success of this appellant in this litigation. One of them, and a very important one, the son of appellant, state facts which indicate that he knew nothing about the sale to his mother, more than two years after it is claimed to have been made. The evidence of appellee shows that Mrs. Williams recognized him as

her landlord upon various occasions, and almost up to the time when this litigation commenced. She seems to have admitted this fact when testifying as a witness on the trial of a suit of forcible detainer. The amount of money proved to have been paid to appellee is no more than would be sufficient to satisfy the rent that has accrued on the property at the rate of twelve dollars and fifty cents per month ($12.50). The burden of proof was upon appellant to establish that she had changed her relation as tenant to that of purchaser. Leaving out of view the payment by appellee of taxes, and insurance premiums on the property, we do not think the testimony in the record preponderates in favor of this conclusion.

The judgment of the circuit court *affirmed*.

*Houston &Mulligan and Webster, for appellant.*

*Breckenridge & Thornton, for appellee.*

